**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DOMINIQUE COLLINS,
  *Plaintiff*,

  v.

UNITED STATES OF AMERICA,
  *Defendant*.

Case No. 25-cv-1417-ABA

**MEMORANDUM OPINION**

This case arises out of Plaintiff Dominique Collins's former employment with the Department of Defense, Defense Counterintelligence and Security Agency (the "Agency"). She alleges six counts of negligence arising out of alleged inaccuracies in her employment file, an alleged failure to communicate the steps she needed to take for success and promotion at the Agency, an alleged failure to facilitate her resignation, and negligent infliction of emotional distress. The government has filed a motion to dismiss based on lack of subject matter jurisdiction and, to the extent Plaintiff is asserting any discrimination claim, failure to state a claim. Plaintiff opposes that motion. For the reasons that follow, the motion to dismiss will be granted.

I.  **BACKGROUND**[1]

On or about July 22, 2019, Plaintiff began employment at the Agency. ECF No. 1 ¶ 18. Plaintiff resigned from the Agency on or about January 2, 2023 "reluctantly and

---

[1] At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). This same rule applies to motions under Rule 12(b)(1) as well. *See Kerns v. United States*, 585 F.3d 187,192 (4th Cir. 2009).

prematurely," allegedly due to various incidents of negligence that occurring during her employment. *Id.* ¶¶ 246, 274, 306, 309, 315, 368. Plaintiff aligns each of those incidents with a different count of negligence.

Count 1 is entitled "Negligent Quality Assurance," and begins by alleging that "[t]he Defendant failed in her[2] duty to exercise reasonable care to protect the Plaintiff from injury when she failed to correct and/or remove the 'Employee has not met the developmental benchmarks to promote to GG-12.' dated September 16, 2022 from the employee history/record of the Plaintiff; even though the Defendant knew or should have known that the document contained gross inaccuracies." *Id.* at 19. In this count, Plaintiff alleges that this memo included inaccuracies regarding her completed assignment rate, which she contends Defendant had a duty to investigate and correct and resulted in Plaintiff not receiving the GG-12 promotion. *Id.* ¶¶ 156–182.

Count 2 is entitled "Negligent Quality Assurance" and states, "The Defendant failed in her duty to use reasonable care to protect the Plaintiff from injury when she failed to correct and/or remove the 'letter of reprimand' dated October 19, 2022 from the employee history/record of the Plaintiff; even though the Defendant knew or should have known that the document contained gross inaccuracies." *Id.* at 21. In this count, Plaintiff alleges that on October 19, 2022, Defendant issued a disciplinary document entitled, "Letter of Reprimand" charging Plaintiff with "(1) Failure to Follow a Supervisory Directive and (2) Inappropriate Behavior." *Id.* ¶¶ 184, 224, 226. Plaintiff

---

[2] Plaintiff initially filed this complaint against one of her managers, *see* ECF No. 1; however, on August 21, 2025, the Court granted the United States of America's motion to substitute itself as the Defendant, *see* ECF No. 13. Therefore, to the extent the complaint refers to the Defendant as "she" or "her," it shall be construed as referring to the government.

contends that on October 22, 2025, she "notified [her supervisor] along with upper management that there was false information in the [letter of reprimand]" and submitted a grievance with the Agency's human resources department on October 25, 2022. *Id.* ¶ 237. She contends that all of this stemmed from her manager's failure to set clear goals and steps for Plaintiff to follow to earn promotion from GG-11 to GG-12. *Id.* ¶¶ 187, 190–223.

Count 3 is entitled "Negligent Quality Assurance," and states, "The Defendant failed in her duty to protect the Defendant [*sic*] from injury when she failed to correct and/or remove the 'defense civilian intelligence personnel system' performance evaluation, dated December 12, 2022 from the employee history/record of the Plaintiff; even though the Defendant knew or should have known that the document contained gross inaccuracies." *Id.* at 28. Plaintiff alleges various incidents in which she contends that her supervisor refused to engage in direct communication with her and then submitted a performance evaluation in which the supervisor mentioned Plaintiff's absence at meetings even though Plaintiff was on medical leave and included allegedly false statistics and derogatory information. *Id.* ¶¶ 249–276.

Count 4 is entitled "Negligent Communication of Employee Expectations to Earn Promotion," and states that "after submitting the 'employee has not met the developmental benchmarks to promote to GG-12,' memo dated September 16, 2022 (especially when the Plaintiff made numerous requests to the Defendant for this information), the Defendant failed to use reasonable care when she failed to provide the Plaintiff a (written or verbal) list of specific SMART goals and/or accomplishments necessary for the Plaintiff to achieve in order to earn a promotion to a full-fledged GG-12." *Id.* at 31. Plaintiff alleges that during and following the meeting in which this memo

was given to her, her supervisor failed to provide her with specific steps to take to improve her performance, refused to acknowledge Plaintiff, and failed to respond to Plaintiff's questions. *Id.* ¶¶ 277–328.

Count 5 is entitled "Negligent Facilitation of Resignation" and states, "The Defendant failed to use reasonable care when she failed to grant permission to the DOD IT Support Desk to reinstate the Plaintiff back into the DOD platforms, and/or failed to work with the Plaintiff directly (especially after the Plaintiff contacted the Defendant directly), so that the Plaintiff had an opportunity following the DOD protocol (for offboarding/out-processing)." *Id.* at 36. In this count, Plaintiff alleges that she gave her two-weeks' notice of resignation on January 2, 2023 indicating that January 16, 2023 would be her last day; however, when she went into the office on January 12, 2023, she was unable to complete the paperwork for her exit interview or access any DOD platforms. *Id.* ¶ 331. Plaintiff alleges that Defendant failed to assist her in gaining access to the necessary paperwork and that, when she arrived to the office on January 17, 2023 for her exit interview, security notified her that she would not be admitted and that she needed to return her government identifications. *Id.* ¶¶ 329–349.

Finally, Count 6 is pled as follows: "Negligent Infliction of Emotional Distress: The Defendant caused negligent infliction of emotional distress, when: (1) the Defendant placed documents in the employment file/history that she knew or should have known were false and failed to use reasonable care in removing those documents[;] (2) the Defendant failed to use reasonable care to communicate the specific requirements that the Plaintiff needed to meet in order to earn a promotion; (3) the Defendant failed to permit the Plaintiff to communication and provide evidence that she did in fact meet and exceed the requirements for the promotion; (4) the Defendant

4

required the Plaintiff to complete/attend trainings for newly-hired employees, while making no concerted effort to assist the Plaintiff in meeting the requirements for DPAPC exam[;] (5) the Defendant made no effort to assist the Plaintiff in following the protocol for resigning, even though complying with the protocol only took one telephone call or email from the Defendant to the Help Desk (either method of the preference of the Defendant would have worked) for successful compliance." *Id*. at 38, ¶¶ 350–387.

Plaintiff also includes a Count 7 entitled "Damages," which requests monetary damages for the various negligence claims and explains her alleged injuries. *Id*. ¶¶ 388–449.

The government filed a motion to dismiss primarily arguing that this Court lacks subject matter jurisdiction because "Plaintiff's tort claims are preempted by the Federal Employees' Compensation Act." ECF No. 32-1 at 5. It further contends that, "to the extent Plaintiff alleges employment [discrimination] claims, such claims should be dismissed for failure to exhaust administrative remedies" under Rule 12(b)(6). *Id*. at 8.

In Plaintiff's response, she first contends that her six counts of negligence are under the Federal Tort Claims Act ("FTCA") and that the Federal Employees' Compensation Act ("FECA") does not apply as she has not suffered any medical injury. ECF No. 34 at 2–3. She further clarifies that she "does not claim disability related to or resulting from discrimination," "does not claim any cause-of-action based on or related to discrimination based upon race/ethnicity, sex, religion, disability, age, national origin, or genetic information," "does not claim any cause-of-action based on or related to workplace discrimination or retaliation associated with accommodation denials, hiring and pay harassment, and/or firing," and "does not claim any cause-of-action based upon or related to intentional torts." *Id*. ¶¶ 6–9. The Court construes the

statements listed in the prior sentence to constitute an affirmative waiver of any claims based on anti-discrimination laws, and thus the sole live dispute between the parties is whether, in light of FECA, the Court has subject matter jurisdiction over Plaintiff's claims.

## II.   DISCUSSION

A motion to dismiss based on lack of subject-matter jurisdiction raises questions of the Court's authority to adjudicate a case, and so the Court must first determine whether it has jurisdiction over the claims before ruling on the merits. Fed. R. Civ. P. 12(b)(1); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998)); *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "[I]f the [defendant] challenges jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of persuasion." *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)) (internal quotations omitted). "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive under a Rule 12(b)(6) consideration.'" *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

Under FECA, a federal employee or the employee's representative may be compensated "for the disability or death of an employee resulting from personal injury sustained while in the performance of" the person's employment duties, without proof of negligence by the government, so long as the injury was not "(1) caused by willful

misconduct of the employee; (2) caused by the employee's intention to bring about the injury or death of himself or of another; or (3) proximately caused by the intoxication of the injured employee." 5 U.S.C. § 8102(a); *see also Fuqua v. United States Postal Serv.*, 956 F.3d 961, 964 (7th Cir. 2020) (hereinafter, "*Fuqua II*") (explaining that FECA requires no proof of negligence by the government). "Modeled on state workers' compensation statutes, [FECA] benefits are intended to be the exclusive remedy of the injured employee." *Fuqua II*, 956 F.3d at 964 (citing 5 U.S.C. § 8116(c)).

For claims to which FECA applies, an administrative process controls; such claims must first be submitted to the Department of Labor ("DOL"), which determines whether an injury is covered under FECA and whether to allow the claim. 5 U.S.C. § 8121. Such determination by DOL is "(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." *Id.* § 8128(b). *See Fuqua II*, 956 F.3d at 964 (citing *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 192–94 (1983); 28 U.S.C. § 1346(b)) (explaining that "[w]hen a federal employee's injury falls within the scope of the FECA, its administrative process controls and the employee may not sue the government under the Federal Tort Claims Act seeking damages for the injuries") (internal citations omitted); *see also Butt v. Williams*, Case No. 20-cv-2318-BAH, 2023 WL 5404073, at *10 (D. Md. Aug. 22, 2023) (quoting *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006)) ("FECA serves as 'a substitute for the whole of the claim that, but for it, would have arisen under the [Federal] Tort Claims Act'"). For any injury for which FECA applies, compensation under FECA is exclusive and the employee or their representatives may not recover damages through other judicial proceedings. 5 U.S.C. § 8116(c). "In essence, federal employees may receive immediate compensation

for workplace injuries through FECA, but in exchange, they forfeit the right to sue the government." *Kirby v. United States*, Case No. 24-cv-2424-JMC, 2025 WL 1736285, at *7 (D. Md. June 23, 2025) (citing *Butt*, 2023 WL 5404073, at *10; *Lockheed Aircraft*, 460 U.S. at 194).

The statute does not define "disability" and does not indicate whether it is limited to physical disabilities or instead applies to mental and emotional disabilities as well. *See* 5 U.S.C. § 8101 ("disability" not included as a defined term). Many courts that have considered the question have interpreted emotional distress claims as being covered under FECA or that there was at least a substantial question such that DOL should make a determination of coverage first. *Fuqua v. United States Postal Serv.*, 607 F. App'x 570, 571–72 (7th Cir. 2015) (hereinafter, "*Fuqua I*") (staying the case because there was a "substantial question of coverage" regarding the plaintiff's mental distress injuries that occurred due to the stress of his termination); *Fuqua II* at 964–65 (citing *Bennett v. Barnett*, 210 F.3d 272, 277 n.7 (5th Cir. 2000)) (following the *Fuqua I* stay, "The Secretary then exercised jurisdiction over [the plaintiff]'s claim and denied it for lack of evidence. The denial was based on lack of proof, not lack of coverage.").

Although the DOL has not affirmatively stated whether all emotional distress claims are covered under FECA, it has issued coverage for psychological injuries or denied claims based on lack of evidence rather than lack of coverage. *See Spinelli*, 446 F.3d at 160–61 (holding that, because the DOL had expanded the plaintiff's FECA compensation to cover the PTSD claim, the district court did not have jurisdiction over an FTCA claim for the same injury); *Bennett*, 210 F.3d at 277 (holding that the district court lacked jurisdiction over plaintiff's emotional distress claim for which her FECA claim was denied for lack of proof rather than lack of coverage and, therefore, "[b]y

ruling on the sufficiency of the evidence, the Secretary thought coverage existed"); *Sheehan v. United States*, 896 F.2d 1168, 1173 (9th Cir. 1990), *amended by* 917 F.2d 424 (9th Cir. 1990) (explaining that the DOL Secretary had concluded that FECA extended to the plaintiff's negligent infliction of emotional distress claims but that her injuries were not causally related to her employment and therefore the plaintiff could bring an FTCA claim); *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992) (quoting the DOL Secretary's decision letter observing that "[w]hen the disability results from an emotional reaction to regular or specially assigned work duties or a requirement imposed by the employment, the disability comes within the coverage of the Act"); *Batuyong v. Sec'y of Dep't of Def.*, Case No. 1:07-cv-944, 2008 WL 323154, at *9 (N.D. Ohio Feb. 4, 2008), *aff'd sub nom. Batuyong v. Gates*, 337 F. App'x 451 (6th Cir. 2009) (holding that "[i]ntentional infliction of emotional distress claims raised by federal employees . . . fall within the purview of FECA and therefore are preempted by the statute"). Thus, when "a federal employee may receive benefits under the Federal Employees' Compensation Act for job-related mental distress, such a claim cannot be maintained under the [FTCA]." *Fuqua II*, 956 F.3d at 965.

If a federal employee asserts a tort claim against a federal agency that is subject to FECA but the employee has not yet exhausted DOL's process for considering FECA claims, "the courts' jurisdiction is limited to considering whether a 'substantial question' of coverage exists under the FECA." *Id.* at 964 (citing *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998)); *see Wallace v. United States*, 669 F.2d 947, 951–54 (4th Cir. 1982) (analyzing whether there was a "substantial question" as to whether FECA applied to plaintiffs' claims). If a substantial question as to FECA coverage exists, a court may either stay the claims or dismiss them without prejudice, directing the plaintiff to DOL's

administrative processes. *See, e.g.*, *Kellahan v. United States*, Case No. 2:13-cv-3534-RMG, 2014 WL 13139440, at *2 (D.S.C. Mar. 6, 2014) (citation omitted) ("Where a substantial question as to coverage under FECA exists, a court may stay an FTCA action pending a final determination by the Secretary of Labor regarding FECA coverage"); *Richards v. Cent. Intell. Agency*, 837 F. Supp. 2d 574, 580 (E.D. Va. 2011) (dismissing without prejudice to allow plaintiff "to pursue any administrative remedy he may have under FECA . . . or to obtain a determination from the Secretary that such events do not give rise to a FECA claim"); Daniel A. Morris, *Fed. Tort Claims*, § 14:3 (Aug. 2025) (explaining that district courts may hold an FTCA case in abeyance pending a determination by DOL of coverage "especially if the case involves an area in which the administrative appeals body provided by the Federal Employees' Compensation Act has not, as yet, authoritatively spoken.").

Plaintiff has alleged six counts of negligence, including a claim for negligent infliction of emotional distress. ECF No. 1 at 19–41. She contends that the government's alleged negligence resulted in her not being properly promoted (and thus missing out on pay), prematurely resigning from the Agency, loss of income due to difficulty finding new employment within the federal government or as a government contractor, and emotional distress. *Id.* 19–49. Plaintiff contends that these claims are not covered by FECA as she argues that FECA only covers medical injuries and disability, which she is not alleging here. ECF No. 34 at 2, 7–8. But as discussed above, five circuit courts have either found that FECA covers negligence and emotional distress claims or that emotional distress claims at least present a "substantial question" such that dismissal or a stay of the FTCA claim pending DOL determination is the proper disposition. *See*

*Spinelli*, 446 F.3d at 160–61; *Bennett*, 210 F.3d at 277; *Sheehan*, 896 F.2d at 1173, *amended by* 917 F.2d 424; *McDaniel*, 970 F.2d at 197; *Fuqua II* at 964–65.

Plaintiff's negligence and negligent infliction of emotional distress claims at least raise a "substantial question" regarding whether DOL has FECA jurisdiction, which would thus divest this Court of subject matter jurisdiction. Plaintiff has not alleged that she submitted a claim to the DOL prior to initiating this suit. Therefore, the Court will dismiss Plaintiff's claims without prejudice so that she may re-raise the claim if the DOL finds that it does not have FECA jurisdiction.

## III.    CONCLUSION

For the foregoing reasons, the government's motion to dismiss (ECF No. 32) will be granted. A separate order follows.

Date:  August 4, 2026                    _____*/s/*_____
                                                          Adam B. Abelson
                                                          United States District Judge